UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
WJ HOLDING LIMITED and STUBRICK
LIMITED,

                              Plaintiffs,

              -against-

SHIREEN MARITIME LTD, MAZLIN
TRADING CORP., AMM CONSULTING
AND MANAGEMENT GROUP LLC, and
ALEXANDER SPIEGEL,

                              Defendants.
--------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
20 CV 1068 (LDH) (CLP)

**POLLAK**, Chief United States Magistrate Judge:

On April 7, 2017, plaintiffs WJ Holding Limited ("WJH") and Stubrick Limited

("Stubrick") (together, the "Drukker Companies") commenced an action in Supreme Court,

Kings County, against defendants Shireen Maritime Ltd., Mazlin Trading Corp., AMM

Consulting and Management Group LLC, and Alexander Spiegel, seeking a declaration that

certain loan agreements between the parties were unenforceable sham loan agreements and an

injunction barring defendants from enforcing these agreements. Defendants removed the action

to this Court and plaintiffs now move to remand the case back to state court.[1]

For the reasons set forth below, it is respectfully recommended that plaintiffs' motion for

remand be granted.

---

[1] On April 30, 2020, plaintiffs' motion to remand to state court on procedural grounds
was referred to the undersigned from the Honorable LaShann D'Arcy Hall. Following Judge
D'Arcy Hall's referral, defendants filed a new motion to remand to state court for lack of subject
matter jurisdiction. (See ECF No. 23). Both motions are addressed herein.

## FACTUAL BACKGROUND

According to the plaintiffs' First Amended Complaint, filed on July 9, 2019 in state court, plaintiffs WJH and Stubrick are both Cyprus based companies owned by Yuri Drukker, an agricultural engineer who has owned edible oil production facilities in Moldova and Russia for many years.  (Am. Compl.[2] ¶¶ 21, 22, 29).  WJH owns the Open-Joint Stock Company Bender Oil Extraction Plant ("Bender Oil"), a vegetable oil extraction facility located in the Transdniestra, a separatist enclave in Moldova.  (Id. ¶¶ 3, 31).

According to the Complaint, defendant Spiegel is a citizen of Florida, and owner of defendants Shireen, AMM, and Mazlin.  (Id. ¶ 26).  It is alleged that Shireen is a Liberian shell company; Mazlin is a British Virgin Islands shell company; and AMM is a dissolved Florida corporation controlled by defendant Spiegel and his children, with legal ownership held by the Alexander Spiegel Revocable Family Trust, of which Spiegel is the trustee.  (Id. ¶¶ 23-25).

Plaintiffs allege that Drukker and Spiegel were "lifelong friends" who engaged in numerous business dealings.  (Id. ¶ 30).  In or about 2011, Spiegel expressed an interest in becoming a 30% equity owner in Bender Oil in exchange for $7,000,000.  (Id. ¶ 5).  Plaintiffs allege that defendant Spiegel never had any intention of paying the full price for his shares and instead, he and the other defendants "schemed and conspired to dupe the Drukker Companies into signing agreements that would, on their face, seem to allow the Defendants to acquire 30% of Bender Oil at a fraction of the actual price and leave the Drukker Companies holding the bag for the balance of the cost of the shares."  (Id. ¶ 6).  According to the Amended Complaint, Spiegel persuaded Drukker to enter into an agreement whereby Spiegel, through AMM, would

---

[2] Citations to "Am. Compl." refer to Plaintiffs' First Amended Complaint, filed in state court on July 9, 2019, ECF No. 1, Exhibit 4.

purchase the right to acquire 30% of the shares at a reduced price, with the remainder of the price to be financed by two lending companies, Shireen and Mazlin.  (Id. ¶¶ 8-9).  It is alleged that Spiegel never informed plaintiffs that he owned and controlled Shireen and Mazlin, and never had any intention of repaying the loans.  (Id. ¶¶ 11, 12).  It is further alleged that Spiegel was seeking to defraud the United States and foreign tax authorities and he implemented this scheme in order to retain liquid assets for the benefit of his children, while avoiding estate taxes.  (Id. ¶¶ 14, 15).

Based on a promise from Spiegel that he would assume the debt, the Drukker Companies entered into Loan Agreements with Shireen and Mazlin.  (Id. ¶ 17).  When the Transdniestrian government reneged on certain obligations to Bender Oil, reducing the company's profitability, it is alleged that Spiegel reneged on his agreement to assume the debt under the Loan Agreements. (Id. ¶ 18).  Plaintiffs allege that as a result of Spiegel's breach of the oral agreement to assume the debt, the Drukker Companies became responsible to pay Spiegel's own companies, and as a consequence, neither WJH or Stubrick have been able to obtain additional financing nor have they been able to operate.  (Id. ¶ 19).

Plaintiffs bring claims of breach of contract against Spiegel and AMM, claims of breach of implied covenant of good faith and fair dealing against Spiegel and the Spiegel Companies, and claims of promissory estoppel, fraudulent inducement, and breach of fiduciary duty against Spiegel.  (Id. ¶ 20).  The Amended Complaint also alleges a claim of civil conspiracy against all defendants and seeks a declaratory judgment against Spiegel and the Spiegel Companies.  (Id.)

PROCEDURAL BACKGROUND

The case was originally filed in Supreme Court, Kings County, on April 7, 2017.  (Jacobs Decl.[3] ¶ 2).  According to plaintiffs, however, proceedings related to this underlying dispute began in November 2016, when defendants Shireen and Mazlin commenced an arbitration proceeding against plaintiffs in the London Court of International Arbitration.  (Pls.' Mem.[4] at 2).  Plaintiffs did not participate in the fact-finding procedures of the arbitration because they took the position that they had been fraudulently induced into entering into the agreements which contained the arbitration provision.  (Jacobs Remand Decl., Ex. B[5] at 2).  On January 23, 2018, the London Court of International Arbitration issued final awards in favor of Mazlin and against plaintiffs.  (Jacobs Remand Decl., Ex. B at 3).

While the arbitration was ongoing, plaintiffs commenced the state court action seeking declaratory and injunctive relief.  Defendants were served on April 13, 2017 with the state court summons and complaint.  (Jacobs Decl. ¶ 3, Ex. B).  Defendants then moved to dismiss the initial Complaint, which was denied on March 13, 2018.  (Jacobs Remand Decl., Ex. B at 3). Thereafter, defendants filed an Answer including a counterclaim for breach of the loan documents; there was no counterclaim seeking to confirm the Arbitration Award.  (Id.)  On December 11, 2018, defendants were granted permission to amend their Answer to interpose a new counterclaim to confirm the Arbitration Award.  (Id.)

---

[3] Citations to "Jacobs Decl." refer to the Declaration of Yonatan Y. Jacobs in Support of Clerk's Certificate of Default, filed March 30, 2020, ECF No. 11.

[4] Citations to "Pls.' Mem." refer to the Memorandum of Law in Support of Plaintiffs' Motion to Remand This Action to New York State Supreme Court for Lack of Subject Matter Jurisdiction, filed on June 8, 2020, ECF No. 24.

[5] Citations to "Jacobs Remand Decl." refer to the Declaration of Yonatan Y. Jacobs in Support of Plaintiffs' Motion for Remand to State Court, filed March 30, 2020, ECF No. 15. Citations to "Ex. B" refer to the attached Exhibit to that declaration, the Memorandum of Law submitted by plaintiffs in the Southern District of New York, ECF No. 15-2.

On July 9, 2019, the parties entered into a stipulation allowing plaintiffs to amend their state court Complaint, which they did that same day.  (Jacobs Decl. ¶¶ 4, 5, Exs. C, D).  A stipulation extending defendants' time to answer was entered into on July 29, 2019, giving defendants until September 6, 2019 to respond to the Amended Complaint.  (Id. ¶ 6, Ex. E).

Throughout the period from March 2018 to June 2019, the parties engaged in discovery in the state court action, with defendants serving deposition notices, the parties exchanging document demands and interrogatories, and the parties negotiating before the state court on issues relating to the timing and nature of discovery.  (Jacobs Remand Decl., Ex. B at 4).

In April 2018, while the state court action was pending and after defendants had interposed their breach of contract counterclaim, defendant Mazlin commenced a new action against WJH, Stubrick, and Drukker in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida action").  (Id. at 5).  In that action, Mazlin sought to confirm the Arbitration Award and sought relief for the alleged fraudulent transfers.  (Id.) Defendants in the Florida action filed a motion to dismiss Mazlin's claims in May 2018.  (Id.) While the motion was pending, the Florida court so ordered an agreement between the parties abating the Florida case pending resolution of the New York state court case.  (Id.)

On August 8, 2019, defendants removed the New York state action to the Southern District of New York.  (Jacobs Decl. ¶ 7, Ex. F).  The Notice of Removal sought to confirm the Arbitration Award.  Included in the filing was a copy of a Verified Petition to Recognize and Enforce Foreign Arbitration Awards, 19 CV 7652 (S.D.N.Y.) (Jacobs Remand Decl., Ex. B at 5). Upon agreement of the parties, the Southern District action was remanded back to state court on February 11, 2020. (Jacobs Decl. ¶ 8, Ex. G).

On February 27, 2020, defendants filed a second Notice of Removal to this Court.  (Id. ¶ 9, Ex. H).  On March 30, 2020, plaintiffs filed the instant motion to remand the action to the New York State Supreme Court, Kings County, arguing that defendants are seeking the same relief in four separate courts, in three jurisdictions, at the same time.  (Jacobs Remand Decl., Ex. B at 5).  In the event that the Court declines to order remand, plaintiffs seek entry of a default against defendants.  Finally, plaintiffs also seek an award of fees and costs.  (Pls.' Procedural Mem.[6] at 1).  On June 8, 2020, plaintiffs also filed a second motion to remand on the ground that this Court lacks subject matter jurisdiction.  (See generally Pls.' Mem.)

## DISCUSSION

A. Removal and Remand

Title 28 of the United States Code, Section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ."  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a); see also Gurney's Inn Resort & Spa Ltd. v. Benjamin, 743 F. Supp. 2d 117, 119 (E.D.N.Y. 2010) (holding that "[g]enerally, a case may be removed from state court to federal court 'only if it could have originally been commenced in federal court on either the basis of federal question jurisdiction or diversity jurisdiction'") (citing Citibank, N.A. v. Swiatkoski, 395 F. Supp. 2d 5, 8 (E.D.N.Y. 2005))).

---

[6] Citations to "Pls.' Procedural Mem." refer to the Memorandum of Law in Support of Plaintiffs' Motion to Remand This Action to New York State Supreme Court on Procedural Grounds Pursuant to 28 U.S.C. § 1447 and For Reasonable Costs, dated March 30, 2020, ECF No. 13.

The statute requires a defendant who seeks to remove an action from state court to file a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The statute further provides that "[t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Id. § 1446(b).

Where jurisdiction is asserted by the defendant in a removal petition, the courts have held that the defendant has the burden of establishing that removal is proper and that subject matter jurisdiction exists. Goel v. Ramachandran, 823 F. Supp. 2d 206, 210 (S.D.N.Y. 2011) (quoting United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)); see also S.M. v. Oxford Health Plans (NY), Inc., No. 12 CV 4679, 2013 WL 1189467, at *2 (S.D.N.Y. Mar. 22, 2013) (citing Pan Atl. Group v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995)) (holding that the party seeking to preserve removal has the burden of proving that subject matter jurisdiction exists). A defendant seeking to remove an action to federal court must show that "the plaintiff would have been entitled, in the first instance, to commence the case in federal court." Sovereign Bank, NA. v. Lee, 968 F. Supp. 2d 515, 517 (E.D.N.Y. 2013); see Longoria v. Cearley, 706 F. Supp. 997, 1001 (W.D. Tex. 1992) (holding that defendants generally "have the burden to show that the federal court would have jurisdiction over the lawsuit if the plaintiff initially sued in federal court").

A plaintiff may move to remand the action back to state court under 28 U.S.C. § 1447(c) if the district court lacks subject matter jurisdiction or there is a defect in the removal process. See Ramos v. Quien, 631 F. Supp. 2d 601, 607 (E.D. Pa. 2008) (quoting PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993)). Absent diversity jurisdiction, if the complaint fails to affirmatively allege a federal claim, removal is improper. Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983) (holding that a case may not be removed to federal court "unless the plaintiff's complaint establishes that the case 'arises under' federal law"); Citigroup, Inc. v. Wachovia Corp., 613 F. Supp. 2d 485, 489-90 (S.D.N.Y. 2009). In analyzing subject matter jurisdiction, the court looks to the "pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) (citation omitted).

Remand for lack of subject jurisdiction is mandatory. Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case sua sponte upon a finding that it lacks subject matter jurisdiction. See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). Thus, if a defendant has improperly removed a case over which the district court lacks subject matter jurisdiction, the district court is required to remand the case back to the state court.

In considering a motion to remand, the court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff," In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996), and "'the burden of persuasion remains upon the removing party.'" Sbarro, Inc. v. Karykous, No. 05 CV 2311, 2005 WL 1541048, at *2 (E.D.N.Y. June 29, 2005) (quoting Nicola Products Corp. v. Showart Kitchens, Inc., 682 F. Supp. 171, 173 (E.D.N.Y. 1988). "Out of respect for the limited jurisdiction of the federal courts and the rights of states, [the court] must resolve any doubts against removability." In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation and alteration omitted); see also Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009) (holding that "[a]ny doubts regarding the propriety of removal are resolved in favor of remand"). Indeed, both the Supreme Court of the United States and the Second Circuit have held that the removal statutes are to be strictly construed against removal with all doubts resolved in favor of remand. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109 (1941).

B. Analysis

Plaintiffs raise a number of arguments as to why the case should be remanded back to state court: 1) this Court lacks subject matter jurisdiction; 2) defendants waived their right to removal by participating in the state court action; and 3) the Notice of Removal is defective.

1) Subject Matter Jurisdiction

Turning first to the issue of subject matter jurisdiction, plaintiffs contend that the Amended Complaint filed in state court does not assert a federal question and thus could not have been filed in federal court originally. (Pls.' Mem. at 7). Plaintiffs' Amended Complaint, which was the pleading upon which removal was sought, alleges only claims under state law.

There is nothing in the four corners of the Amended Complaint that suggests a claim arising under federal law.

Defendants have not alleged that there are federal claims asserted by plaintiffs in the state court action. Instead, they argue that because they have interposed the defense of collateral estoppel and res judicata based on the arbitral award entered in their favor by the London Court of International Arbitration, this Court has subject matter jurisdiction pursuant to the New York Convention and the Federal Arbitration Act, and thus, removal was proper.

a) The New York Convention

The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517; 330 U.N.T.S. 38 (Dec. 29, 1970), "governs the enforcement of arbitral awards stemming from disputes that are 'commercial and . . . not entirely between citizens of the United States.'" PDV Sweeny, Inc. v. ConocoPhillips Co., No. 14 CV 5183, 2015 WL 5144023, at *4 (S.D.N.Y. Sept. 1, 2015), amended, 2015 WL 9413880 (S.D.N.Y. Dec. 21, 2015) (quoting Republic of Ecuador v. Chevron Corp., 638 F.3d 384, 391 (2d Cir. 2011)). The Convention was designed to "'promote the enforcement of arbitral agreements in contracts involving international commerce so as to facilitate international business transactions.'" Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 92 (2d Cir. 1999) (quoting David L. Threlkeld & Co. v. Metallgesellschaft Ltd., 923 F.2d 245, 250 (2d Cir. 1991)). The Convention is implemented domestically by the Federal Arbitration Act ("FAA"). PDV Sweeny, Inc. v. ConocoPhillips Co., 2015 WL 5144023, at *4; see Goel v. Ramachandran, 823 F. Supp. 2d at 210 (stating: "Congress implemented the . . . Convention by enacting Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208"); see also Emirates Int'l Inv. Co., LLC v. ECP Mena Growth Fund, LLC, No. 11 CIV 9227, 2012 WL 2198436, at *5 (S.D.N.Y. June 15, 2012)

(holding that "Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 et seq., . . . makes the Convention on the Recognition and Enforcement of Foreign Arbitral Awards . . . enforceable in federal courts").

Under the FAA, the federal courts are granted original jurisdiction pursuant to 9 U.S.C. § 203. Section 203 provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." Goel v. Ramachandran, 823 F. Supp. 2d at 211; see Gerling Glob. Reinsurance Corp. v. Sompo Japan Ins. Co., 348 F. Supp. 2d 102, 104 (S.D.N.Y. 2004). The FAA contains a separate provision that allows for removal of actions that "relate to" an arbitration brought pursuant to the Convention. Holzer v. Mondadori, No. 12 CV 5234, 2013 WL 1104269, at *4 (S.D.N.Y. Mar. 14, 2013) (holding: "[S]ection 205 of the FAA . . . permits removal of an action that 'relates to' an arbitration or arbitral award under the [Convention]"). Specifically, 9 U.S.C. § 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

b) Defendants' Arguments Based on Section 205

Citing Goel v. Ramachandran, defendants argue that the New York federal courts that have addressed the scope of Section 205 have favored a broad interpretation of the term "relates

to" an arbitration award.  823 F. Supp. 2d at 212; see also Kolel Beth Yechiel Mechil of

Tartikov, Inc. v. YLL Irrevocable Tr., 863 F. Supp. 2d 351, 354 (S.D.N.Y. 2012) (stating:

"Whenever an arbitration agreement falling under the Convention could *conceivably* affect the

outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit").  Thus, defendants

argue that where, as here, a defendant asserts an affirmative defense of collateral estoppel or res

judicata, related to an arbitral award falling under the Convention, federal jurisdiction applies

and removal is appropriate.  (Defs.' Opp. [7] at 14).  Defendants argue that it is "unquestionable"

that the state court action relates to an arbitration subject to Section 205 and that the state court

action was "only a forum shopping ploy by Plaintiffs" and amounts to a "'*de facto*' appeal of the

arbitral award."  (Defs.' Opp. at 5, 14).  Defendants contend that their claims of collateral

estoppel and res judicata would "at a minimum, 'conceivably affect' the outcome of the New

York State Action, and in all likelihood end" that action.  (Id. at 15).

    In response, plaintiffs dispute that their state court claims were a "*de facto* appeal" and

contend that the state court action was not, as defendants claim, a 'petition to vacate . . . in

everything but name.'"  (Pls.' Mem. at 3 (citing Defs.' Opp. at 5, 14, 18-19, 21-22)).  They rely,

in part, on the state court's decision of March 2018, where the court ruled that the state court

action "is much broader in scope than the subject of the London arbitration."  (ECF 19-1 at 6).

Plaintiffs argue that the state court's ruling is now law of the case.  (Pls.' Mem. at 4 (quoting

Firestone v. Berrios, 42 F. Supp. 2d 403, 412 (E.D.N.Y. 2013))).

    Moreover, plaintiffs correctly contend that removal authorization under Section 205 is

distinct from the question of subject matter jurisdiction under Section 203.  (Pls.' Mem. at 5

---

[7] Citations to "Defs.' Opp." refer to defendants' Opposition to Plaintiffs' Motion to Remand, dated July 6, 2020, ECF No. 28.

(quoting Albaniabe Ambient Sh.p.k. v. Enel, S.p.A., 169 F. Supp. 3d 523, 528 (S.D.N.Y. 2016) (collecting cases)).  The Second Circuit in Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co. held that "the FAA does not 'independently confer subject matter jurisdiction on the federal courts,'" and that "'[t]here must be an independent basis of jurisdiction before a district court may entertain petitions' to confirm or vacate an [arbitration] award under the FAA."  668 F.3d 60, 71 (2d Cir. 2012) (quoting Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009)).  Since "[t]he FAA does not by itself confer subject-matter jurisdiction on the federal courts," courts look to Section 203 of the Convention's implementing legislation which does confer subject matter jurisdiction.  Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d at 71; see also Holzer v. Mondadori, 2013 WL 1104269, at *6 (noting that "'[t]he FAA does not independently confer subject matter jurisdiction on the federal courts,'" and  "[S]ection 203 provides the requisite statutory grant of jurisdiction"); Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 863 F. Supp. 2d at 354 (noting that "'[t]he FAA does not independently confer subject matter jurisdiction'" and that the Convention as incorporated into Section 203 provides subject matter jurisdiction) (quoting Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d at 71)).

Thus, courts in this district treat removal authorization under Section 205 as distinct from subject matter jurisdiction under Section 203.  As the court noted in Holzer v. Mondadori, when considering a motion for remand, the "federal district court must have both removal jurisdiction [under Section 205] and subject matter jurisdiction [under Section 203] in order to preside over a case removed from state court."  Holzer v. Mondadori, 2013 WL 1104269, at *6 (citing Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d at 71).  Moreover,

while courts interpret Section 205 broadly, see Goel v. Ramachandran, 823 F. Supp. 2d at 212

(interpreting the term "relates to" broadly in the context of a removal under Section 205), "the

Second Circuit has interpreted [Section 203] narrowly, limiting it to actions to compel, confirm,

or vacate an arbitral award" and "several other measures . . . in aid of an arbitration." Holzer v.

Mondadori, 2013 WL 1104269, at *6, n. 8 (citing Scandinavian Reinsurance Co. v. St. Paul Fire

& Marine Ins. Co., 668 F.3d at 71; Goel v. Ramachandran, 823 F. Supp. 2d at 215; Emirates Int'l

Inv. Co., LLC v. ECP Mena Growth Fund, LLC, 2012 WL 2198436, at *5-6). In Unicom Bulk

Traders Ltd. v. Fortune Mar. Enterprises, Inc., the court explained that "jurisdiction under the

Convention . . . exists . . . where a party seeks to compel arbitration, enforce an arbitral award, or

obtain preliminary relief in aid of arbitration." No. 08 CV 9710, 2009 WL 125751, at *3

(S.D.N.Y. Jan. 20, 2009) (citing Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 875 F.2d 388,

391 n. 5 (2d Cir. 1989); Borden, Inc. v. Meiji Milk Prods. Co., Ltd., 919 F.2d 822, 826 (2d Cir.

1990)).

Therefore, where a party seeks to compel arbitration, enjoin or stay an arbitration, or

enjoin a proceeding "in aid of arbitration," jurisdiction under Section 203 exists. See Republic

of Ecuador v. Chevron Corp., 638 F.3d 384, 391 n. 6 (2d Cir. 2011); Capital Gm. v. SLS Capital,

S.A., 63 F. Supp. 3d 367, 372-75 (S.D.N.Y. 2014) (finding jurisdiction over proceeding to enjoin

an arbitration and collecting cases). In Emirates Int'l Inv. Co., LLC v. ECP Mena Growth Fund,

LLC, 2012 WL 2198436, at *5-*6, the court considered cases discussing what constitutes a

provisional remedy in aid of arbitration, such as a preliminary injunction pending arbitration.

See also Unicom Bulk Traders Ltd. v. Fortune Mar. Enterprises, Inc., 2009 WL 125751, at *3.

Here, it is clear that the state court action brought by plaintiffs is neither an action to

compel arbitration nor an action to enforce an arbitral award. Moreover, nothing suggests that

the state court action is seeking to obtain preliminary relief in aid of arbitration.  Defendants in their opposition to plaintiffs' motion for remand focus their arguments on the language of Section 205.  The heading of Section II of their opposition memorandum – entitled "This Court Has Subject Matter Jurisdiction Pursuant to the Convention's Removal Statute, 9 U.S.C. § 205, Because the Awards Provide a Defense to Plaintiffs' Action" – demonstrate that they are ignoring the distinction drawn in this Circuit between subject matter jurisdiction under Section 203 and removal under Section 205.  (See Defs.' Opp. at 12).  Instead, they simply argue that because they have raised the defense of collateral estoppel and res judicata based on the London arbitration award, that defense clearly "relates to" the arbitration and therefore constitutes a basis for federal jurisdiction under Section 205.  (See Defs.' Opp. at 14).

However, defendants have not cited any caselaw to support their claim that raising the defense of estoppel or res judicata is sufficient to confer subject matter jurisdiction under Section 203.  In Albaniabe Ambient Sh.p.k. v. Enel, S.p.A., 169 F. Supp. 3d at 528, the court addressed the related question of whether the asserted defense of an arbitration award or agreement to arbitrate provides jurisdiction where the defendant is opposing enforcement of a judgment of a foreign court.  The court stated:  "this Court is aware of no case suggesting that Section 203 and the Convention provide subject matter jurisdiction where a defendant opposing enforcement of a foreign court's judgment interposes – as a defense – an arbitration award or an agreement to arbitrate.  Stated another way, an action to enforce a foreign court's judgment is not converted to 'an action or proceeding under the Convention' merely because a defendant raises – as a defense in the enforcement action – a prior arbitration award or an agreement to arbitrate."  The court in Albaniabe Ambient Sh.p.k. v. Enel, S.p.A. distinguished the decision of the Second Circuit in Republic of Ecuador v. Chevron Corp., 638 F.3d 384, where the Second Circuit interpreted

Section 203's grant of subject matter jurisdiction expansively, noting that the case had been decided prior to Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co. Id.; see also Holzer v. Mondadori, 2013 WL 1104269, at *6 (holding that Section 203's grant of subject matter jurisdiction is "interpreted . . . narrowly").

Indeed, defendants' reliance on Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 863 F. Supp. 2d 351, and Beiser v. Weyler, 284 F.3d 665, 669 (5th Cir. 2002), is misplaced because the standard they draw from those cases – that a defense need only conceivably affect the outcome of the state action – applies to removal under Section 205 and not to subject matter jurisdiction under Section 203. Again, although the interpretation of removal under Section 205 may be broad, courts in this Circuit have narrowly construed the grant of subject matter jurisdiction under Section 203. Holzer v. Mondadori, 2013 WL 1104269, at *6. Moreover, although defendants argue that their defenses of collateral estoppel would "'conceivably affect'" the outcome of the New York state court action, and "in all likelihood end" the state court action (Defs.' Opp. at 15), the plaintiffs' claims in their Amended Complaint appear to be broader and encompass defendants other than Mazlin and Shireen. Not only have defendants failed to address how the arbitration award would possibly "end" the claims against AMM Consulting or Alexander Spiegel, defendants ignore the prior finding of the state court issued more than two years ago in March 2018, ruling that the state court action "is much broader in scope than the subject of the London arbitration." (ECF 19-1 at 6).

c) The Confirmation Action

Defendants raise a second argument as to why subject matter jurisdiction should apply, citing the separate action that they have filed in the Southern District of New York in which they seek to confirm the arbitration award.

On August 8, 2019, when defendants removed the instant case from state court to the Southern District of New York, defendants asserted that they were "concurrently filing in this Court [the Southern District of New York] a Petition to Recognize and Enforce [the LCIA] Foreign Arbitration Awards and were basing removal jurisdiction on an argument that the Confirmation Action should be consolidated with the pending state court action upon removal. (See Jacobs Decl., Ex. A). Thereafter, on August 16, 2019, defendants filed an Order to Show Cause and Petition to Recognize and Enforce the Foreign Arbitration Award (the "Confirmation Action") in the Southern District of New York. (See Defs.' Opp. at 18). Apart from the fact that the Confirmation Action would not resolve all of the pending state claims, defendants have not, in over a year, sought to consolidate the Eastern and Southern District actions. Thus, the Court finds that this second action does not provide federal subject matter jurisdiction over the state law claims against all of the defendants sued in state court.[8]

d) Diversity Jurisdiction

Perhaps recognizing the weaknesses in their arguments for subject matter jurisdiction under the Convention, defendants argue that "[t]his Court does not even have to engage in any lengthy review or analysis of subject matter jurisdiction pursuant to the Convention since this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, which clearly applies." (Defs.' Opp. at 3-4). Defendants argue that diversity jurisdiction "clearly applies" based on "the residency of the Parties." (Id. at 10-12).

---

[8] Indeed, the fact that another court is handling defendants' motion to confirm the arbitration award supports plaintiffs' argument that this Court does not have subject matter jurisdiction, as it is clear Section 203 only provides federal jurisdiction "over actions to confirm or vacate an arbitral award," Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 71 (2d Cir. 2012), and that action is taking place in a different district.

Diversity jurisdiction is governed by 28 U.S.C. § 1332, which provides that diversity is present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." Id. § 1332(a)(3). Where the only parties in the case are foreign entities or where there are citizens and aliens on one side of a case and only aliens on the other side, there is no diversity. See, e.g., Romero v. International Terminal Operating Co., 358 U.S. 354, 381 (1959) (dictum); Dassigienis v. Cosmos Carriers & Trading Corp., 442 F.2d 1016, 1017 (2d Cir. 1971) (per curiam); see also Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) (holding that "diversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens").

Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of the state in which it is incorporated and where it has its principal place of business. Foreign corporations organized under the laws of a foreign nation that maintain their principal place of business in a State are considered citizens of that State and "diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation.'" Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d at 581 (quoting Franceskin v. Credit Suisse, 214 F.3d 253, 258 (2d Cir. 2000)).

Apart from defendants' bare assertion that diversity jurisdiction applies here, they have made no effort to demonstrate such. See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) (holding that the party "invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction") (citing 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3522, at 62-65 (2d ed. 1984); 15 J. Moore, Moore's Federal Practice § 102.14, at 102-24 (3d ed. 1998)). The party asserting jurisdiction "must allege a proper basis for

jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations or if the court sua sponte raises the question."  Linardos v. Fortuna, 157 F.3d at 947.

Here, defendants have submitted no evidence whatsoever, so the Court's only source of information as to the citizenship of the parties in the state court action is the Amended Complaint.  There, plaintiffs allege that plaintiffs WJH and Stubrick are both Cyprus companies with their principal place of business located in Cyprus.  (Am. Compl. ¶¶ 21, 22).  While defendant Spiegel is a citizen of Florida and it is alleged that defendant AMM is a dissolved Florida corporation, the Amended Complaint alleges that the remaining two defendants Mazlin and Shireen are foreign corporations, with Shireen alleged to be a Liberian company and Mazlin a British Virgin Islands company.  (Id. ¶¶ 23, 24, 25, 26).  Not only do defendants fail to provide any contrary information regarding the citizenship of the defendants, but in their Opposition to Plaintiffs' Motion to Remand, they quote the allegations in plaintiffs' Amended Complaint and conclude: "[t]hus, Plaintiffs' own words establish this Courts' [sic] jurisdiction through 28 U.S.C. § 1332."  (Defs.' Opp. at 11).

Clearly, they misapprehend the law relating to foreign entities and diversity jurisdiction. It is well established that when, as here, both plaintiffs are foreign entities and two of the defendants are foreign entities and two are citizens, there is no diversity jurisdiction.  See Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC, 232 F.3d 79, 82 (2d Cir.2000) (per curiam) (diversity lacking in suit by a Mexican corporation against a corporation organized under the laws of the United Arab Emirates, even if the defendant's principal place of business was in New York);  Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir. 1980) (diversity lacking in suit by a Venezuelan corporation against a Swiss

corporation that had its principal place of business in New York), cert. denied, 449 U.S. 1080 (1981).

Thus, because this Court finds that diversity jurisdiction is lacking and defendants have not demonstrated jurisdiction under 9 U.S.C. § 203, the court lacks subject matter jurisdiction over this action and removal was improper. The Court respectfully recommends that the case be remanded back to the state court.[9]

2) Plaintiffs' Motion for Default

On March 30, 2020, plaintiffs filed a separate motion requesting entry of default should the Court decline to remand the case to state court. (Pls.' Reply[10] at 7; see also ECF Nos. 10, 11). In response, defendants filed their Opposition to Plaintiffs' Request to Enter Default, dated April 13, 2020, arguing that the request to enter a default was filed in bad faith and, in the event there was a default, the Court should set it aside pursuant to Rule 55(c). (ECF No. 17).

Since this Court has recommended that the case be remanded to state court, there is no need to address the question of default.

3) Plaintiffs' Motion For Fees and Costs

Plaintiffs also seek an Order directing defendants to reimburse plaintiffs for the attorneys' fees and costs incurred in connection with this removal. (Pls.' Procedural Mem. at 5). Plaintiffs argue in that where the petition is "'lack[ing] an objectively reasonable basis for seeking removal,'" an award of fees and costs is warranted. (Pls.' Procedural Mem. at 5 (citing

---

[9] As noted, the plaintiffs have raised other arguments in support of their motion to remand. Since the Court finds that subject matter jurisdiction is lacking, the Court has not addressed the other arguments.

[10] Citations to "Pls.' Reply" refer to plaintiffs' Memorandum of Law in Further Support of Plaintiffs' Motion to Remand this Action to New York State Supreme Court For Lack of Subject Matter Jurisdiction, dated July 13, 2020, ECF No. 29.

Memorial Hosp. for Cancer & Allied Diseases v. Empire Blue Cross & Blue Shield, No. 93 CV 6682, 1994 WL 285518, at *1 (S.D.N.Y. June 27, 1994))).  Plaintiffs raised a number of arguments before this Court and the Southern District as to why the removal petition was objectively unreasonable (see Jacobs Remand Decl., Ex. B, ECF No. 15-2), including the lack of subject matter jurisdiction, the fact that the initial removal petition was filed in the Southern District of New York, which was an improper venue, and the removal was untimely.  (Id.)  Plaintiffs point out that, because the notice of removal was defective in several ways and defendants made the same errors in their first defective motion for remand, defendants were not acting in good faith – providing further support for plaintiffs' fee application.  (Pls.' Reply Mem.[11] at 3).  Although the Court found that subject matter jurisdiction was lacking in this case, it cannot be said that defendants' arguments based on the Convention were entirely without some basis or "utterly unreasonable."  Indeed, plaintiffs rely on the fact that the defendants made "these exact same errors" once before.  (Pls.' Procedural Mem. at 5).  However, given the decision of Judge Koetl from the Southern District of New York – ordering the case remanded to state court "without prejudice as to [d]efendants' right to remove to the E.D.N.Y. and for the [p]laintiffs' right to remand from the E.D.N.Y." (Pls.' Procedural Mem, Ex. C, ECF No. 15-3) – the Court believes that the defendants' choice to attempt removal to the Eastern District was not objectively unreasonable.  In fact, it could be argued that Judge Koetl's decision to remand to state court without prejudice to removal to the Eastern District impliedly suggested the option to remove to this Court.  Moreover, while the Court agrees the case should be once again remanded to state court, it bears noting that defendant did not in fact make the "exact same errors" because

_____

[11] Citations to "Pls.' Reply Mem." refer to the Memorandum of Law in Further Support of Plaintiffs' Motion to Remand This Action, filed on April 20, 2020, ECF No. 20.

this time the defendants attempted removal to the proper district.  Additionally, the decision in

the Southern District did not make clear the grounds for the decision to remand to state court;

had it, plaintiffs' argument that defendants lacked good faith may have been stronger.

Accordingly, the Court respectfully recommends denying the plaintiffs' request for fees and

costs at this time.

<u>CONCLUSION</u>

For the reasons set forth above, the Court respectfully recommends that plaintiffs' request

for a remand be granted and their request for fees and costs be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court within fourteen (14) days.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); <u>see also</u>

Fed. R. Civ. P. 6(a), (e) (providing the method for computing time).  Failure to file objections

within the specified time waives the right to appeal the District Court's order.  <u>See, e.g.</u>, <u>Caidor</u>

<u>v. Onondaga Cty.</u>, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a

. . . report [and recommendation] operates as a waiver of any further judicial review of the

magistrate [judge's] decision").

The Clerk is directed to send copies of this Order to the parties either electronically

through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       November 25, 2020

                                                    /s/ Cheryl L. Pollak
                                                    Cheryl L. Pollak
                                                    Chief United States Magistrate Judge
                                                    Eastern District of New York